Filed 10/17/14  Stock v. Ard CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| EUGENE A. STOCK, | |
| Plaintiff and Appellant, | E056087 |
| v. | (Super.Ct.No. RIC1102206) |
| CHARLES W. ARD, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County.  Gloria Connor Trask, Judge.  Affirmed.

Eugene A. Stock, in pro. per., for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Plaintiff and appellant Eugene A. Stock (Stock) appeals from the trial court's order after trial of January 6, 2012, awarding judgment to defendant and respondent Charles W. Ard (Ard).  Stock argues the trial court erred when it found he had not established the elements of conversion, extortion, or fraud, and further contends the trial

1

court deserves a reprimand for acting as a litigant rather than as a judge. As discussed below, we find no error.

## FACTS AND PROCEDURE

On March 19, 2002, Ard, the Sales Manager for Hart Recovery, LLC, sent a solicitation letter to Stock offering to collect on his behalf a $10,000 plus court judgment, which public records indicated Stock had recently won. Central to portions of Stock's action against Ard is the following statement in that solicitation: " . . . our service is risk free. Our fee is strictly a percentage of what we recover for you. If we do not recover, we do not collect. We stand all collection costs. If we do not recover, we are out the collection expenses—not you."

On December 18, 2009, Stock, his wife, and Ard entered into a contract that listed a number of judgments owed to the Stocks and provided that Hart Recovery, LLC, would receive the stated percentages of the amounts recovered on those debts.

Stock became unhappy with Ard's efforts on his behalf. On June 25, 2010, Stock sent a letter to Ard asking him to "return all matters to me at your early convenience" and enclosing a cancellation letter for Ard to sign.

On July 30, 2010 Ard sent a letter to Stock offering to release Stock from the contract in exchange for Stock paying an invoice for "time and expenses."

On August 2, 2010, Stock sent Ard a letter declining to pay for time and expenses and asking Ard to sign the cancellation letter.

2

On September 1, 2010, Ard offered to rescind the assignment of the judgments without reimbursement for time and expenses in exchange for Stock signing a release of liability.

Additional correspondence ensued.

On February 10, 2011, Stock filed an unlimited civil complaint alleging conversion, fraud and misrepresentation and asking for the value of the converted collection cases plus punitive damages for extortion. The fraud and misrepresentation claims stemmed from Ard's alleged representations in his correspondence that Hart Recovery, LLC was a "corporation" and that it was affiliated with Hart Sales, Inc.

On March 15, 2011, Ard filed an answer stating that no monies had been collected on the contract and that "hypothetical damages are not recoverable."

The court trial took place on December 16, 2011. Both parties proceeded in pro per. The sole witness was Charles Ard, whom Stock called to the stand and cross-examined.

On January 6, 2012, the trial court issued its judgment after trial. The court noted that Stock had not established the element of conversion requiring that Ard have interfered with Stock's property by taking possession of it, preventing Stock from having access to the property, or by destroying it. The court denied Stock's request for punitive damages for extortion because Ard's letter asking to be reimbursed for time and expenses as a condition of cancelling the contract did not constitute extortion. In addition, the court noted that Ard eventually agreed to cancel the contract in exchange for a release of liability, which Stock refused. Finally, the court ruled against Stock on the fraud claim

3

because Stock did not establish that he was harmed by any representations that Hart Recovery, LLC was a "corporation" and a division of Hart Sales, Inc, or that any misrepresentation was a substantial factor in causing any harm.

On January 23, 2012, Stock filed a motion for reconsideration, which the trial court heard and denied on March 6, 2012. The court found the motion did not present any "new facts, circumstances, or law."

This appeal followed.

**DISCUSSION**

*1. General Legal Principles*

We note at the outset that litigants in the trial courts, as well as on appeal, are required to meet certain minimum requirements to have their positions fully understood. These requirements do not vary depending on whether the litigants are represented by legal counsel. Stock's submissions, both in the trial court and in this appeal, are for the most part conclusory and lacking in legal authority, evidentiary support and cogency.

A party appearing in propria persona "is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys." (*Barton v. New United Motor Manufacturing, Inc.* (1996) 43 Cal.App.4th 1200, 1210.) "'[T]he in propria persona litigant is held to the same restrictive rules of procedure as an attorney.'" (*Bianco v. California Highway Patrol* (1994) 24 Cal.App.4th 1113, 1125-1126.)

A "'judgment or order of the lower court is *presumed correct.* All intendments and presumptions are indulged to support it on matters as to which the record is silent,

4

and error must be affirmatively shown . . . .' [Citation.]" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) It is an appellant's burden to affirmatively show error. (*Lennane v. Franchise Tax Bd.* (1996) 51 Cal.App.4th 1180, 1189.) If he or she fails to do so, we must affirm the trial court's judgment. Plaintiff has not met his burden with regard to any of his claims.

We may disregard issues not properly addressed in the briefs, and may treat them as having been abandoned or waived. "'[E]very brief should contain a legal argument with citation of authorities on the points made. If none is furnished on a particular point, the court may treat it as waived, and pass it without consideration. [Citations.]' [Citation.]" (*People v. Stanley* (1995) 10 Cal.4th 764, 793.) Furthermore, "'"[i]t is the duty of a party to support the arguments in its briefs by appropriate reference to the record, which includes providing exact page citations."'" [Citation.] Because '[t]here is no duty on this court to search the record for evidence' [citation], an appellate court *may* disregard any factual contention not supported by a proper citation to the record [citation]." (*Grant-Burton v. Covenant Care, Inc.* (2002) 99 Cal.App.4th 1361, 1379.)

2. *"Judicial Rebuke"*

Stock first asserts that "The Court erred by interrupting Appellant's presentation and refusing to permit Appellant's examination of Respondent." In the Statement of the Case portion of his brief, Stock lists pages in the record transcript of the trial where one could presumably find examples of the trial court's "interference with Appellant's presentation." Stock's complete argument on this issue is that "Judge Trask strayed beyond the bounds of judicial propriety, abdicated her role as a judge and became

5

involved as a quasi litigant. She deserves a reprimand." However, Stock provides no citation to legal authority, at all, on this point. Therefore, we will not address it. (*People v. Stanley, supra*, 10 Cal.4th at p. 793.)

3. *"Conversion"*

Stock argues that "The Court erred by failing to find that retention by Respondent of written authorization to collect on Appellant's accounts did result in a conversion." Stock cites to Civil Code section 1712, which provides in part: "One who obtains a thing . . . by a consent afterwards rescinded . . . must restore it to the person from whom it was thus obtained." He then quotes from several 50-year-old cases to explain generally that wrongful dominion over another's property is conversion. In closing, Stock asserts "Respondent's continued written authorization of the right to collect Appellant's accounts is a diminution of Appellant's ownership and control of his property."

First, Stock fails to establish by reference to legal authority that one can convert another's property by failing to cancel a collection agreement. (See *People v. Stanley, supra*, 10 Cal.4th at p. 793.) Second, Stock fails to establish by such legal authority, as applied to the evidence in the record, that the trial court erred when it found that Stock did not prove the elements of conversion. (*Lennane v. Franchise Tax Bd.*, *supra,* 51 Cal.App.4th at p. 1189.) Stock also fails to mention that Ard offered to cancel the agreement in exchange for a waiver of liability. We conclude that Stock has not carried his burden to show that the trial court erred when it found for Ard on the conversion claim.

6

4. *"Extortion"*

Stock asserts that "The Court erred by failing to make findings that Respondent's offer to rescind the collection only if Appellant paid fees and costs amounted to attempted extortion." Stock argues Ard is guilty of violating the Federal Extortion Act by "withholding cancellation of the collection agreement until Appellant paid 'fees and costs.'" Stock provides the definition of criminal extortion from a law dictionary and a citation from a criminal case that the "fear" required for extortion can be the fear of economic loss. However, he does not cite to any legal authority setting forth the elements of a tort cause of action for extortion, nor does he explain how the trial court allegedly erred. (Again, see *People v. Stanley, supra*, 10 Cal.4th at p. 793 and *Lennane v. Franchise Tax Bd.*, *supra,* 51 Cal.App.4th at p. 1189.) Therefore, appellant does not carry his burden to establish reversible error on this point.

5. *"Fraudulant Business"*

Stock argues that "The Court erred by failing to rule that the Respondent should be restrained from carrying on his collection business until properly licensed and working through a lawful organization structure." Stock further lists the elements of fraud, without citation, asserts that Ard represented that Hart Recovery, LLC, "was authorized to do business in the State of California and the City of Hemet," and asserts that both alleged representations were both false and caused Stock to rely on the statements to his detriment. The claimed damages are the loss of the collection accounts to Hart Recovery, LLC. Again, Stock fails to cite to any legal authority on the elements of fraud or the requirements for a restraining order, so we decline to address this issue.

7

**DISPOSITION**

The judgment is affirmed in all respects.  The parties will bear their own costs.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ\
            P. J.

We concur:

KING\
       J.

MILLER\
       J.