[No. A070652. First Dist., Div. Two. Dec. 20, 1996.]

JAMES P. LENNANE et al., Plaintiffs and Appellants, v. FRANCHISE TAX BOARD, Defendant and Respondent.

1182

**COUNSEL**

Gray, Cary, Ware & Freidenrich, John R. Shuman, Jr., Hugh Goodwin and Christina Groll for Plaintiffs and Appellants.

Daniel E. Lungren, Attorney General, and Richard F. Finn, Deputy Attorney General, for Defendant and Respondent.

## OPINION

**LAMBDEN, J.**—Section 19717 of the Revenue and Taxation Code (unspecified section references are to that code) grants the court in a tax refund action the discretion to award taxpayers their reasonable litigation costs if they prevail and the position of the State of California in the proceeding was "not substantially justified" (subd. (c)(2)(A)(i)).[1] We hold in this refund action against the Franchise Tax Board (FTB) that prevailing parties James

---

[1]Section 19717 provides in pertinent part: "(a) In the case of any civil proceeding which is—

"(1) Brought by or against the State of California in connection with the determination, collection, or refund of any tax, interest, or penalty under this part, and

"(2) Brought in a court of record of this state, the prevailing party may be awarded a judgment for reasonable litigation costs incurred in that proceeding.

"(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

" . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(4) No award for reasonable litigation costs may be made under subdivision (a) with respect to any portion of the civil proceedings during which the prevailing party has unreasonably protracted that proceeding.

"(c) For purposes of this section:

"(1) 'Reasonable litigation costs' includes any of the following:

"(A) Reasonable court costs.

"(B) Based upon prevailing market rates for the kind or quality of services furnished any of the following:

" . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(iii) Reasonable fees paid or incurred for the services of attorneys in connection with the civil proceeding, except that those fees shall not be in excess of seventy-five dollars ($75) per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceeding, justifies a higher rate.

"(2)(A) 'Prevailing party' means any party to any proceeding described in subdivision (a) (other than the State of California or any creditor of the taxpayer involved) that:

"(i) Establishes that the position of the State of California in the civil proceeding was not substantially justified, and

"(ii)(I) Has substantially prevailed with respect to the amount in controversy, or.

"(II) Has substantially prevailed with respect to the most significant issue or set of issues presented.

" . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"(3) The term 'civil proceeding' includes a civil action.

"(d) For purposes of this section, in the case of—

"(1) Multiple actions which could have been joined or consolidated, or

"(2) A case or cases involving a return or returns of the same taxpayer (including joint returns of married individuals) which could have been joined in a single proceeding in the same court, the actions or cases shall be treated as one civil proceeding regardless of whether the joinder or consolidation actually occurs, unless the court in which the action is brought determines, in its discretion, that it would be inappropriate to treat the actions or cases as joined or consolidated for purposes of this section.

"(e) An order granting or denying an award for reasonable litigation costs under subdivision (a), in whole or in part, shall be incorporated as a part of the decision or judgment in the case and shall be subject to appeal in the same manner as the decision or judgment.

"(f) For purposes of this section, 'position of the State of California' includes either of the following:

"(1) The position taken by the State of California in the civil proceeding.

P. and Susan K. Lennane (taxpayers) were properly denied litigation costs in appellate litigation because, as the superior court found, FTB's position was substantially justified.

## BACKGROUND

The genesis of this appeal is recounted in the Supreme Court's decision in *Lennane* v. *Franchise Tax Bd.* (1994) 9 Cal.4th 263 [36 Cal.Rptr.2d 563, 885 P.2d 976] (*Lennane*). The underlying dispute was whether former section 17063.11, which exempted from income preference the capital gains from sales of certain small business stock, applied to stock acquired on or before September 16, 1981, the statute's effective date. Taxpayers sold such stock in 1986 (before a 1987 repeal of the section), claiming the exemption. In October 1991, after a notice of proposed assessment and FTB's ultimate disallowance of their claim for refund, taxpayers filed this action in superior court. (*Lennane, supra,* at pp. 265-267.) Their complaint sought litigation costs under former section 19420, the predecessor statute to section 19717.

Taxpayers moved for summary judgment, and their motion was granted by the Honorable Lucy Kelly McCabe. By a judgment filed April 30, 1992, Judge McCabe rendered judgment, found FTB's position *not* substantially justified and awarded taxpayers "reasonable costs" in an undetermined amount. FTB filed notice of appeal on May 14.

On May 11, meanwhile, taxpayers filed a memorandum of costs, claiming costs and attorney fees totaling $24,799.14. FTB followed with a motion to tax or strike costs, claiming substantial justification for its position. Taxpayers opposed that motion, and Judge McCabe heard the matter on July 9. Her order denying FTB's motion was filed on August 3. FTB did not file a separate notice of appeal from it but did urge in a footnote that reversal of the judgment would "include the reversal of the award" (citing *Tetra Pak, Inc.* v. *State Bd. of Equalization* (1991) 234 Cal.App.3d 1751 [286 Cal.Rptr. 529]) and that FTB's position was substantially justified in any event.

The appeal came before this division which, in an unpublished opinion filed in June 1993 and authored by Justice Phelan (Kline, P. J. and Benson, J., conc.) (*Lennane* v. *Franchise Tax Bd.* (June 29, 1993) A057655), reversed. While upholding FTB's position, the opinion made no mention of the costs award. Taxpayers then obtained review by the Supreme Court, and that court ultimately decided in their favor, reversing this court's decision and, like this court's prior opinion, saying nothing about the costs award,

"(2) Any administrative action or inaction by the Franchise Tax Board (and all subsequent administrative action or inaction) upon which that proceeding is based."

despite FTB having reiterated its arguments on that point (again in footnote). (*Lennane, supra,* 9 Cal.4th 263.)

Following remittitur, taxpayers filed a motion for costs and fees (§ 19717) in superior court, seeking litigation expenses incurred in the appellate proceedings. This time the matter came before the Honorable William J. Cahill. Relying in part on this court's decision in favor of FTB and rejecting a claim that the prior costs ruling by Judge McCabe was law of the case, he found FTB's position substantially justified, denied attorney fees of $80,071 for that reason, and awarded taxpayers uncontested other costs of $1,711.04. Taxpayers timely appeal the denial of attorney fees.

DISCUSSION

*Res judicata/law of the case*

■ Taxpayers argue Judge McCabe's costs ruling was not effectively appealed, became final without challenge and was therefore res judicata on the issue of substantial justification on the subsequent motion for appellate costs. ■ ■■ We do not decide the appeal question for even if the costs award was validly appealed,[2] Judge McCabe's ruling was not binding on the later motion.

■ The doctrine of res judicata fails because, as FTB observes, the first ruling was not in a *former* action (*Panos* v. *Great Western Packing Co.* (1943) 21 Cal.2d 636, 637-638 [134 P.2d 242]; *Levy* v. *Cohen* (1977) 19 Cal.3d 165, 171 [137 Cal.Rptr. 162, 561 P.2d 252]), a requirement which would also apply should we view the issue one of "collateral estoppel" (*Producers Dairy Delivery Co.* v. *Sentry Ins. Co.* (1986) 41 Cal.3d 903, 910 [226 Cal.Rptr. 558, 718 P.2d 920]). This was an earlier ruling in the *same* action. While a prior appealable order becomes "res judicata" in the sense

---

[2]The dispute arises because the costs determination was made after the notice of appeal was filed, with no separate appeal taken from that order. A costs award is separately appealable as an order after judgment (Code Civ. Proc., § 904.1, subd. (b)) so that, ordinarily, failure to appeal from that order deprives us of jurisdiction to review it (*Norman I. Krug Real Estate Investments, Inc.* v. *Praszker* (1990) 220 Cal.App.3d 35, 47 [269 Cal.Rptr. 228]; *Wayte* v. *Rollins International, Inc.* (1985) 169 Cal.App.3d 1, 23 [215 Cal.Rptr. 59]; but see *Grant* v. *List & Lathrop* (1992) 2 Cal.App.4th 993, 996-998 [3 Cal.Rptr.2d 654]; *Robinson* v. *City of Yucaipa* (1994) 28 Cal.App.4th 1506, 1517 [34 Cal.Rptr.2d 291]).

Subdivision (e) of section 19717, however, directs that orders granting or denying litigation costs "shall be incorporated as a part of the decision or judgment in the case and shall be subject to appeal in the same manner as the decision or judgment" (fn. 1, *ante*), and identical language in another fee-shifting statute (§ 7156, subd. (e)) has been construed as a legislative exception to the general rule, rendering the post-judgment order reviewable through a timely appeal from the earlier judgment and *not* independently appealable. (*Tetra Pak, Inc.* v. *State Bd. of Equalization, supra,* 234 Cal.App.3d 1751, 1762.)

that it becomes binding in the same case if not appealed (*In re Matthew C.* (1993) 6 Cal.4th 386, 393 [24 Cal.Rptr.2d 765, 862 P.2d 765]; *Reeves* v. *Hutson* (1956) 144 Cal.App.2d 445, 451 [301 P.2d 264] [order refusing to set aside a default]), FTB clarifies it does not seek to overturn Judge McCabe's order (rightly or wrongly decided), only to limit its effect to the costs *then* at issue and substantial justification as it *then* appeared.[3] FTB informs us it long ago paid the costs awarded by Judge McCabe.

A potential issue is law of the case, but *that* doctrine cannot apply because no *appellate* court in this litigation ever actually determined the question. (*People* v. *Scott* (1976) 16 Cal.3d 242, 246 [128 Cal.Rptr. 39, 546 P.2d 327]; *Tally* v. *Ganahl* (1907) 151 Cal. 418, 421 [90 P. 1049].) It seems doubtful either court appreciated the issue was presented.[4] But, if so, neither court's opinion acknowledged or expressed any view on the question.

Finally, an added obstacle to invoking res judicata or law of the case is that Judge McCabe's determination of no substantial justification was necessarily made on the facts as they *then* appeared, before the FTB's position on the subsequent appeals was known. Judge Cahill, on the other hand, limited his decision to the question of litigation costs in the appellate proceedings here and in the Supreme Court. The two rulings concerned two different temporal assessments.

### *Multiple determinations*

■ Taxpayers contend, as a matter of statutory construction, that section 19717 does not allow multiple determinations to be made at different points in the litigation and, in essence, the first such determination controls throughout subsequent appeals. They rely on federal cases considering the parallel "substantially justified" finding needed for fee-shifting under the federal Equal Access to Justice Act (EAJA) (28 U.S.C. § 2412(d)(1)(A)).

The issue in the EAJA cases they cite is whether the government may relitigate "substantial justification" at the tail end of litigation, when the only

---

[3]By statute, inconsistent prior determinations by other administrative agencies or officers generally do not bind FTB, either under "the rule of res judicata" (§ 19802, subd. (a)) or otherwise (§ 19801). In fact, FTB may apparently change its own position, as long as the liability is not for "the same year" (§ 19802, subd. (a)) as the prior position. It seems at odds with that statutory mandate to argue, as these taxpayers do, that we should take into account contrary decisions by the State Board of Equalization in other cases (*Lennane, supra,* 9 Cal.4th 263, 273, fn. 11) in assessing whether FTB's position here was "substantially justified."

[4]As taxpayers themselves surmise, both appellate courts may well have deemed the issue inadequately presented because set out not in the body of the briefs, but in a footnote to the background facts. (Cf. *Stoll* v. *Shuff* (1994) 22 Cal.App.4th 22, 25, fn. 1 [27 Cal.Rptr.2d 249]; *People* v. *Freeman* (1994) 8 Cal.4th 450, 482, fn. 2 [34 Cal.Rptr.2d 558, 882 P.2d 249].)

question left is whether to award the prevailing party fees incurred for efforts spent litigating whether the fees were appropriate in the first place. The answer in this "fees for fees" context is, not surprisingly, no. The federal high court has reasoned that EAJA envisions a unitary determination based on the entire course of the litigation, without provision for multiple substantial-justification determinations at different stages along the way. (*Commissioner, INS* v. *Jean* (1990) 496 U.S. 154, 158-166 [110 L.Ed.2d 134, 141-160, 110 S.Ct. 2316].) "[O]nly one threshold determination for the entire civil action is to be made." (*Id.* at p. 159 [110 L.Ed.2d at p. 142], fn. omitted.) Indicators of that intent are the use of terms " 'position' " and " 'the record' " in the singular (*id.* at pp. 159-160 [110 L.Ed.2d at pp. 142-143]) and allowing a court discretion to discount the fee amount for dilatory conduct by a party during any portion of the litigation (*id.* at p. 161 [110 L.Ed. at pp. 143-144]). Practical considerations also dictate that a fee request not result in " 'a second major litigation' " or "spawn a 'Kakfaesque judicial nightmare' of infinite litigation to recover fees for the last round of litigation over fees . . ." (*id.* at p. 163 [110 L.Ed.2d at p. 145], citations omitted). (Accord, *Doty* v. *U.S.* (Fed.Cir. 1995) 71 F.3d 384, 386; see also *Bode* v. *U.S.* (5th Cir. 1990) 919 F.2d 1044, 1052, and *Powell* v. *C.I.R.* (5th Cir. 1990) 891 F.2d 1167, 1170-1172, construing similar language in 26 U.S.C. § 7430.)

The case before us presents no such nightmare of fees-for-fees litigation, only twin determinations of substantial justification—one at the close of trial proceedings (summary judgment on the merits) and one at the close of appellate proceedings resolving the merits of the substantive dispute. More importantly, in their focus on the EAJA case law, both parties miss a key statutory distinction which makes the analogy inapt. That distinction is in the timing of the fee applications and awards.

EAJA compels an application to be filed within 30 days of "final judgment" in the action (28 U.S.C. § 2412(d)(1)(B)), which is specially defined as a judgment that is "final and not appealable" (*id.*, § 2412(d)(2)(G)). Thus a judgment on the merits by a trial court is final (1) once the time for appealing it has run (*Melkonyan* v. *Sullivan* (1991) 501 U.S. 89, 95-96 [115 L.Ed.2d 78, 89-91, 111 S.Ct. 2157]), or (2) if an appeal is taken, when the appellate court issues its decision (*Allen* v. *Secretary of Health and Human Services* (6th Cir. 1986) 781 F.2d 92, 94) or all appeals are otherwise concluded (*Keasler* v. *United States* (8th Cir. 1985) 766 F.2d 1227, 1229, 1231 [dismissal of appeal]). Under that scheme, it cannot happen in an appealed case, as it did here, that one award is made after trial and another is made after appeal. Only one award is made (save the eventuality of a fees-for-fees case), and this explains in part the federal courts' construction of EAJA as allowing for just one determination of substantial justification.

In California, by contrast, dual determinations for trial and appeal are compelled by the statutory language. An order granting or denying an award "in whole or in part" must be "incorporated as a part of the decision or judgment in the case" and so becomes "subject to appeal in the same manner as the decision or judgment." (§ 19717, subd. (e); fn. 1, *ante*.) This implies, of course, that an award is applied for and determined first at the trial level, even though an appeal may follow.

Section 19717 also, though impliedly, envisions a second award being determined after appeal proceedings, for litigation costs incurred on appeal. Settled law of which the Legislature is presumptively aware holds that a statute which expressly permits an award in the trial court is construed as permitting a further award for subsequent costs incurred on appeal. (*Morcos* v. *Board of Retirement* (1990) 51 Cal.3d 924, 927 [275 Cal.Rptr. 187, 800 P.2d 543].) No one on this appeal urges a contrary legislative intent for section 19717.

Given this intent to permit two award determinations, one after trial and one after appeal, the question becomes: In the circumstances posed here, is a court in the second determination bound by the determination of substantial justification made in the first?

We say no. No binding effect is expressed, and given the allowance of multiple award determinations, none is implied. Further, policy favors allowing a new substantial-justification assessment. Taxpayers here are vexed by a favorable/unfavorable sequence of rulings, but the sequence might well have been reversed. Judge McCabe might have granted them summary judgment yet, finding FTB's position substantially justified, denied them costs. They would hardly want to argue for a binding effect after success in the ensuing appellate litigation. Alternatively, there could have been binding appellate precedent handed down at the start of appellate briefing which removed FTB's only reasonable justification. If the agency then proceeded on that or a wholly frivolous other argument, it would be unfair to deny taxpayers a redetermination. Indeed, they have urged on this appeal that substantial justification must generally take into account the full course of litigation (cf. *Doty* v. *U.S.*, *supra*, 71 F.3d 384, 385-386; *Tetra Pak, Inc.* v. *State Bd. of Equalization*, *supra*, 234 Cal.App.3d 1751, 1763), a view inconsistent with giving a first determination binding effect in every case.

We hold that section 19717 does not foreclose a renewed determination of substantial justification upon a reapplication for costs following appeal.

*"Substantially justified"*

 "Substantially justified" is construed to mean "not necessarily a prevailing position" but one which is " 'justified to a degree that would

satisfy a reasonable person' or . . . has a '"reasonable basis both in law and in fact." ' [Citations.]" (*McDonnell Douglas Corp.* v. *Franchise Tax Bd.* (1994) 26 Cal.App.4th 1789, 1798 [33 Cal.Rptr.2d 129].) Abuse of discretion is our review standard for that determination. (*Ibid.*)

As appellants shouldering the usual burden of affirmatively showing error (see generally, *Utz* v. *Aureguy* (1952) 109 Cal.App.2d 803, 806 [241 P.2d 639]; *In re Kathy P.* (1979) 25 Cal.3d 91, 102 [157 Cal.Rptr. 874, 599 P.2d 65]), taxpayers have the burden of showing lack of substantial justification. They devote almost no effort to explaining the relative merits of their own or FTB's appellate positions, and we have no obligation to do so on our own. What they stress, mainly, is that FTB's position had been rejected in a decision by the State Board of Equalization (*Lennane, supra,* 9 Cal.4th 263, 273, fn. 11) and in a Los Angeles County Superior Court action, and has now been rejected by a unanimous Supreme Court in *Lennane.*

No abuse is shown. FTB was apparently not bound by prior administrative actions (fn. 3, *ante*), and the court below took notice not only of prior contrary rulings, but of an unpublished Court of Appeal decision, out of the Third District, where FTB's position had been upheld. Finally, a panel of our own division had unanimously found FTB's appeal position persuasive. All that can be said in these circumstances is, reasonable minds could—and did—differ. By definition then (*McDonnell Douglas Corp.* v. *Franchise Tax Bd., supra,* 26 Cal.App.4th 1789, 1798), FTB's position was substantially justified. Taxpayers do not show Judge Cahill exceeded the bounds of reason in so holding. (*Tetra Pak, Inc.* v. *State Bd. of Equalization, supra,* 234 Cal.App.3d 1751, 1764.)[5]

### DISPOSITION

The judgment (order) is affirmed.

Haerle, Acting P. J., and Hodge, J.,* concurred.

---

[5]Taxpayers argued on their first appeal to this court that FTB was *estopped* to rely on its appellate position because of the prior rulings against it (noted in text above). This court's opinion squarely considered and rejected that argument, and nothing in the Supreme Court's later *Lennane* decision was to the contrary.

*Judge of the Alameda Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution concurred.