Filed 2/19/15  Williams v. Bear Stears Residential Mortgage CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| MARIAN C. WILLIAMS, | |
| Plaintiff and Appellant, | E059669 |
| v. | (Super.Ct.No. RIC1208472) |
| BEAR STEARNS RESIDENTIAL MORTGAGE CORPORATION et al., | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of Riverside County.  Phillip J. Argento, Judge. (Retired judge of the Los Angeles Super. Ct., assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Ronald H. Freshman for Plaintiff and Appellant.

Keesal, Young & Logan, David D. Piper and Tyson W. Kovash for Defendants and Respondents.

I

INTRODUCTION

Plaintiff and appellant Marian C. Williams is a property owner who has defaulted

1

on a real estate loan. She appeals from a judgment of dismissal, entered after the court sustained defendants' demurrer without leave to amend.[1] On appeal, Williams claims she has standing to challenge flaws in the securitization of the mortgage loan and she was not required to tender the balance due to preserve her suit.

Defendants counter that Williams lacks standing to challenge the process for securitizing mortgages; she cannot show prejudice; she failed to make the required tender; and she is barred from using preemptive judicial action. Defendants assert several other dispositive defenses and argue Williams cannot demonstrate an abuse of discretion.

We agree with defendants' positions and affirm the judgment.

II

FACTUAL AND PROCEDURAL BACKGROUND

We base our summary of the facts on the complaint and the attached exhibits. Williams, an Arizona resident, owns real property located in Moreno Valley at 11396 Greyson Road. Williams is the borrower on a $456,000 note, secured by a trust deed which was executed and recorded in May 2006. Bear Stearns was the lender; Investors Title Company was the trustee; and MERS was named as the beneficiary and nominee of Bear Stearns.

---

[1] Defendants and respondents are JPMorgan Chase Bank, N.A., (Chase) a successor in interest to Bear Stearns Residential Mortgage Corporation (Bear Stearns); Wells Fargo National Association as Trustee for the Certificate Holders of Structured Asset Mortgage Investments II, Inc., Bear Stearns Mortgage Funding Trust 2006-AR1, Mortgage Pass-Through Certificates, Series 2006-AR1 (Wells Fargo); and Mortgage Electronic Registration Systems, Inc. (MERS).

Williams alleges that Bear Stearns sold the note on July 1, 2006. In particular, Williams claims the note and deed of trust were never validly transferred, depriving Wells Fargo of any title to the property. She further alleges the securitization of her note by defendants did not comply with the applicable Pooling and Servicing Agreement (PSA).

A corporate assignment of deed of trust, which is attached to the complaint, shows that MERS, acting as a nominee for Bear Stearns, assigned the subject note and trust deed to Wells Fargo, and recorded the assignment in 2011. Williams alleges the purported assignment is fraudulent and neither Bear Stearns nor MERS had any legitimate interest in the property to convey.

Williams also disputes the validity of the recorded substitution of trustee, by Chase acting for Wells Fargo, replacing Quality Loan Servicing Corporation (Quality) as trustee under the trust deed. In December 2011, Quality recorded a notice of default and election to sell, stating that the loan was $54,869.59 in arrears. In March 2012, Quality executed and recorded a notice of trustee's sale, listing the unpaid balance and charges as $607,311.86. The property has not been sold yet.

Williams's principal claim is that Bear Stearns was fully paid and, as a result of violations of the PSA, defendants cannot pursue nonjudicial foreclosure. The complaint asserts four causes of action: quiet title; cancellation of instruments; constructive trust; and slander of title. The trial court sustained defendants' demurrer for failure to state a cause of action.

3

III

DISCUSSION

*A. Standard of Review*

In reviewing an order sustaining a demurrer without leave to amend, we accept as true the properly pleaded factual allegations of the complaint. (*McCall v. PacifiCare of Cal., Inc.* (2001) 25 Cal.4th 412, 415.) Where the complaint references the terms of a contract, we consider those terms as part of the pleading. (*Dodd v. Citizens Bank of Costa Mesa* (1990) 222 Cal.App.3d 1624, 1627.) Furthermore, the allegations of the complaint must be liberally construed with a view to attaining substantial justice among the parties. (Code Civ. Proc., § 452; *King v. Central Bank* (1977) 18 Cal.3d 840, 843.)

We review the complaint de novo to determine whether the trial court abused its discretion. (*Cantu v. Resolution Trust Corp.* (1992) 4 Cal.App.4th 857, 879.) Any legal theory may be considered on appeal. (*Gomes v. Countrywide Home Loans, Inc.* (2011) 192 Cal.App.4th 1149, 1153.) We also must decide whether there is a reasonable possibility that a defect can be cured by amendment. (*Rossberg v. Bank of America, N.A.* (2013) 219 Cal.App.4th 1481, 1491.)

*B. Standing*

Williams alleges a purportedly deficient assignment and securitization deprived Wells Fargo of any interest in the property. She argues the transfer of her promissory note and deed of trust to Wells Fargo and the subsequent securitization of the note were improper.

4

However, even if these claims had merit, Williams lacks standing because she has no interest in the note and trust deed: "[T]he relevant parties to such a transaction were the holders (transferors) of the promissory note and the third party acquirers (transferees) of the note. . . . As an unrelated third party to the alleged securitization, and any other subsequent transfers of the beneficial interest under the promissory note, [plaintiff] lacks standing to enforce any agreements, including the investment trust's pooling and servicing agreement, relating to such transactions." (*Jenkins v. JPMorgan Chase Bank, N.A.* (2013) 216 Cal.App.4th 497, 515.) To explain further: "Because a promissory note is a negotiable instrument, a borrower must anticipate it can and might be transferred to another creditor. As to plaintiff, an assignment merely substituted one creditor for another, without changing her obligations under the note." (*Herrera v. Federal National Mortgage Assn.* (2012) 205 Cal.App.4th 1495, 1507.)

Williams was not the victim of such invalid transfers because her obligations to pay the note remained unchanged: "Instead, the true victim may be an individual or entity that believes it has a present beneficial interest in the promissory note and may suffer the unauthorized loss of its interest in the note. It is also possible to imagine one or many invalid transfers of the promissory note may cause a string of civil lawsuits between transferors and transferees. . . ." but plaintiff "may not assume the theoretical claims of hypothetical transferors and transferees . . . ." (*Jenkins v. JP Morgan Chase Bank, supra,* 216 Cal.App.4th at p. 515.)

Plaintiff argues that *Glaski v. Bank of America* (2013) 218 Cal.App.4th 1079, supports her argument that a borrower may challenge a nonjudicial foreclosure based on

5

allegations that transfers in the chain of title of a trust deed were void.[2]  There, after concluding that noncompliance with the terms of a PSA would render an assignment void, the *Glaski* court adopted the majority rule in Texas that an obligor may resist foreclosure on any ground that renders an assignment in the chain of title void.  (*Reinagel v. Deutsche Bank Nat'l Trust Co.* (5th Cir. Tex. 2013) 722 F.3d 700, 705.)

The *Glaski* court also held that, under New York trust law, a transfer of a deed of trust in contravention of the trust documents is "void, not merely voidable," and, under California law, "a borrower can challenge an assignment of his or her note and deed of trust if the defect asserted would *void* the assignment."  (*Glaski v. Bank of America, supra,* 218 Cal.App.4th at p. 1095.)  Based upon this theory, the *Glaski* court held that the plaintiff had standing for various causes of action.  The court further held that under New York law, a securitized mortgage trustee's acceptance of a loan after the trust's closing date would be void in contravention of the trust document and would jeopardize the trust's special tax status.

California federal courts have rejected *Glaski*.  (See *Subramani v. Wells Fargo Bank N.A.*, No. C 13-1605 SC, 2013 U.S. Dist. LEXIS 156556, (N.D.Cal. Oct. 31, 2013); *Dahnken v. Wells Fargo Bank, N.A.*, No. C 13-2838 PJH, 2013 U.S. Dist. LEXIS 160686 (N.D.Cal. Nov. 8, 2013); *Maxwell v. Deutsche Bank Nat'l Trust Co.*, No. 13-cv-03957-

---

[2]  This issue is now before the California Supreme Court in the lead case, *Yvanova v. New Century Mortgage Corp.* (Aug. 27, 2014, No. S218973) ___ Cal.4th ___ [176 Cal.Rptr.3d 266, 331 P.3d 1275], framed as follows:  "In an action for wrongful foreclosure on a deed of trust securing a home loan, does the borrower have standing to challenge an assignment of the note and deed of trust on the basis of defects allegedly rendering the assignment void?"

WHO, 2013 U.S. Dist. LEXIS 164707 (N.D.Cal. Nov. 18, 2013); *Apostol v. CitiMortgage, Inc.*, No. 13-cv-01983-WHO, 2013 U.S. Dist. LEXIS 167308 (N.D.Cal. Nov. 21, 2013); *Zapata v. Wells Fargo Bank, N.A.* (N.D.Cal., Dec. 10, 2013, No. C 13-04288 WHA) 2013 U.S. Dist. Lexis 173187; *Haddad v. Bank of America, N.A.* (S.D.Cal., Jan. 8, 2014, No. 12cv3010-WQH-JMA) 2014 U.S. Dist. Lexis 2205; *Rivac v. Ndex West LLC* (N.D.Cal., Dec. 17, 2013, No. C 13-1417 PJH) 2013 U.S. Dist. Lexis 177073; *Sepehry-Fard v. Dept. Stores Nat. Bank* (N.D.Cal., Dec. 13, 2013, No. 13-cv-03131-WHO) 2013 U.S. Dist. Lexis 175320.)

No state cases support the *Glaski* analysis. We follow the federal lead in rejecting this minority holding. Plaintiff alleges nothing unlawful except that an allegedly deficient assignment and securitization deprived Wells Fargo of an interest in the property. She has no standing to make such a claim.

*C. Tender*

Another fundamental obstacle to Williams being able to state a claim is that she has not complied with the rule requiring tender. Williams disagrees that she must tender the amount owing. Williams relies on *Pfeifer v. Countrywide Home Loans, Inc.* (2012) 211 Cal.App.4th 1250, and other cases involving wrongful foreclosure, but Williams has not asserted a cause of action to enjoin a foreclosure. Instead, her causes of action are for quiet title, slander of title, and cancellation of instruments. California law holds a mortgagor cannot bring an action to quiet title without first paying the secured debt owed on the property. (*Shimpones v. Stickney* (1934) 219 Cal. 637, 649 ["[A] mortgagor

7

cannot quiet his title against the mortgagee without paying the debt secured."].)  Williams cannot allege a cause of action for quiet title.

*D.  Additional Claims*

Williams concedes that her third cause of action for constructive trust is a remedy not an independent claim for relief.  The remaining second and fourth causes of action are for cancellation of instruments and slander of title.  On appeal, Williams only recites the elements of her claims and offers the conclusory statement that her allegations are sufficient to withstand demurrer.  Williams does not provide pertinent legal argument nor meet her burden of affirmatively showing error in the ruling appealed from.  Therefore, these claims also fail.  (*Fonteno v. Wells Fargo Bank, N.A.* (2014) 228 Cal.App.4th 1358, 1378, citing *Landry v. Berryessa Union School Dist.* (1995) 39 Cal.App.4th, 691, 699-700 and *Lennane v. Franchise Tax Bd.* (1996) 51 Cal.App.4th 1180, 1189.)

IV

DISPOSITION

Williams lacks standing and failed to allege the required tender.  Her complaint is defective for other reasons.  Williams does not propose, in what way in the trial court or on appeal, she could amend her complaint.  We reject her contention the trial court erred in sustaining defendants' demurrer without leave to amend.

8

We affirm the judgment.  Defendants, as the prevailing parties, shall recover their costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON\
                     J.

We concur:

RAMIREZ\
       P. J.

KING\
       J.