Filed 8/26/16  Boisvert v. DeGutz CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| RENE G. BOISVERT, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> DONALD DEGUTZ, <br><br> Defendant and Respondent. | A143891 <br><br> (Alameda County Super. Ct. <br> No. RG11559883) |

Appellant Rene G. Boisvert, appearing in propria persona, argues many issues in a long and rambling appeal, but not the one issue that matters.

Boisvert appeals from the superior court's order granting its own sua sponte motion for judgment on the pleadings and dismissing Boisvert's action.  His appeal is unopposed.  The superior court concluded, among other things, that Boisvert's action, including as articulated in both his initial and proposed first amended complaints, was an impermissible attack on a final judgment that was barred by the doctrine of res judicata. Boisvert does not address this dispositive aspect of the court's order and, therefore, does not effectively challenge its presumptive correctness.  Further, we conclude the superior court did not err in ruling that Boisvert's claims were barred by the doctrine of res judicata.  For these two separate and independent reasons, we affirm the court's order.

**BACKGROUND**

In 2008, Donald De Gutz sued Boisvert in a prior action regarding a real estate transaction (prior action).  We extensively recounted the events of this prior action in an unpublished opinion, *De Gutz v. Boisvert*, Case No. A126839, issued on January 28,

1

2013.[1]  We will not repeat them at great length here.  After a bench trial, the trial court in the prior action issued a judgment in favor of De Gutz on his breach of contract, breach of fiduciary duty and fraud claims, and awarded him $161,732.56.  This total amount included $37,355.00 for De Gutz's increased tax liability for 2008 and $91,587.00 for his increased tax liability for 2009.  Boisvert appealed the judgment to this court.

In February 2011, while Boisvert's appeal was pending, Boisvert, acting in propria persona, sued De Gutz; De Gutz's attorney in the prior action, Andrew Cohn; and an expert witness in the prior action regarding De Gutz's increased tax liability, Zachary Epstein.  This is the present action.  In his initial complaint, Boisvert made damages claims for abuse of process (against De Gutz and Cohn only), violation of RICO, fraud and perjury.  Underlying all of his claims was Boisvert's allegation that in the course of the trial of the prior action, the defendants presented fraudulent and misleading testimony and/or documents about De Gutz's increased tax liability.

In December 2011, while the appeal in the prior action was pending, the court ordered a stay of proceedings in the present action.  The court further ordered, "[t]he parties may seek leave to lift the stay via a noticed motion or ex parte application once the appeal has been fully resolved."

In February 2014, after we issued our opinion affirming the judgment in the prior action, Boisvert moved to lift the stay so that discovery could proceed and he could file an amended complaint.  In March 2014, the superior court granted in part Boisvert's motion, but only so that the superior court could consider its own sua sponte motion for judgment on the pleadings so as to dismiss the present action.  The court stated:  "Given the final disposition of the [prior action], . . . the findings of the Court of Appeal affirming the judgment . . . and the allegations and damages alleged in Plaintiff's complaint in this action, the court finds good cause to set a hearing on its motion for judgment on the pleadings" because the present action "appears to be barred by the

---

[1]  We take judicial notice of our opinion pursuant to Evidence Code sections 452 and 459 for the purpose of reciting the general background to the current dispute.

2

doctrine of res judicata." The court ordered that the stay would otherwise remain "in full force and effect."

Despite the court's order that the stay remained in place other than to consider the court's own motion for judgment on the pleadings, Boisvert filed a first amended complaint in May 2014 against De Gutz and Does 1 through 5, in which he brought damages claims for extrinsic fraud, deceit by intentional misrepresentation, deceit by negligent misrepresentation, deceit by concealment, and intentional infliction of emotional distress. Boisvert continued to rely on the allegation that defendants engaged in a scheme by which they fabricated evidence at trial in the prior action in order to falsely show that De Gutz would incur damages in the form of increased income tax liabilities, in order for De Gutz to obtain a monetary judgment.

In July 2014, Boisvert sought to have the court enter a default judgment against De Gutz based on Boisvert's first amended complaint. Apparently the court entered a default against De Gutz, but later that same month, it struck Boisvert's first amended complaint as in contravention to its March 2014 stay order and struck the default as erroneously entered by the court.

Boisvert later moved to file his first amended complaint. In December 2014, the superior court denied his motion. It concluded that Boisvert was "attempt[ing] to relitigate matters that were fully adjudicated against him in the [prior action]. This action is barred by the doctrine of res judicata." It also found Boisvert's proposed first amended complaint was "a sham designed to get around and avoid the legal consequences of the [prior action] and should be stricken." The court adopted a prior ruling by a previous judge who had made, and tentatively granted, the sua sponte motion for judgment on the pleadings. The court stated, "[i]n addition to the reasons set forth in [the] tentative ruling, it is clear that [Boisvert's] best attempt to create a viable cause of action against [De Gutz], in the form of the attempted First Amended Complaint, suffers from the same malady: an attack on a final judgment that has been appealed and affirmed. [¶] The court therefore grants the sua sponte Motion on the Pleadings and dismisses the entire case with prejudice."

3

Boisvert filed a timely notice of appeal from this ruling.

## DISCUSSION

Boisvert argues the court erred in its ruling because he, as a party appearing in propria persona, has the right have his pleadings examined under particularly liberal standards and has the right to discovery before any dismissal of his action. Further, the court's denials of his numerous requests to amend his complaint were in error, an abuse of discretion, and violative of the "preferred" approach to permit amendment of complaints so that a pleading may be tested by demurrer.

We need not address Boisvert's arguments because they do not address the dispositive issue underlying the superior court's ruling: that is, no matter how liberally his initial and first amended complaints might be construed and how many times the court might allow him to amend his complaint, the present action is barred by the doctrine of res judicata. " 'A judgment or order of the lower court is *presumed correct.* All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) Appellant has the burden of affirmatively showing any error. (*Lennane v. Franchise Tax Bd.* (1996) 51 Cal.App.4th 1180, 1189.) Boisvert, by not addressing the court's conclusion that his action is barred by the doctrine of res judicata, has not met this burden. We affirm the court's dismissal of his action for this reason alone.

Further, we agree with the lower court that no matter how liberally Boisvert's initial and first amended complaints might be construed and how many times the court might allow him to amend his complaint, Boisvert's action is barred by the doctrine of res judicata. All of Boisvert's claims in his initial and proposed first amended complaints are grounded in his claim that false evidence about De Gutz's anticipated tax liability were presented to the court. Such a claim is clearly not allowed. "The public policy underlying the principle of res judicata that there must be an end to litigation requires that the issues involved in a case be set at rest by a final judgment, even though a party has persuaded the court or the jury by false allegations supported by perjured testimony. This

4

policy must be considered together with the policy that a party shall not be deprived of a fair adversary proceeding in which fully to present his case.  Thus, equitable relief will be denied where it is sought to relitigate an issue involved in the former proceeding on the ground that allegations or proof of either party was fraudulent or based on mistake, but such relief may be granted if the party seeking it was precluded by fraud or the mistake of the other party from participating in the proceeding or from fully presenting his case." (*Jorgensen v. Jorgensen* (1948) 32 Cal.2d 13, 18, cited in *Cedars-Sinai Medical Center v. Superior Court* (1998) 18 Cal.4th 1, 10.)

As indicated by the "extrinsic fraud" label on one of the claims in his first amended complaint, Boisvert appears to believe he should be allowed to proceed with his action because of the nature of the fraud he is pursuing.  However, his label aside, the nature of his claim is obviously and conclusively one for intrinsic, rather than extrinsic, fraud regardless of how liberally we construe his initial and proposed first amended complaints.  As our Supreme Court has pointed out, there is a "line of cases that forbid direct or collateral attack on a judgment on the ground that evidence was falsified, concealed, or suppressed.  After the time for seeking a new trial has expired and any appeals have been exhausted, a final judgment may not be directly attacked and set aside on the ground that evidence has been suppressed, concealed, or falsified; in the language of the cases, such fraud is 'intrinsic' rather than 'extrinsic.'  [Citations.]  Similarly, under the doctrines of res judicata and collateral estoppel, a judgment may not be collaterally attacked on the ground that evidence was falsified or destroyed." (*Cedars-Sinai Medical Center v. Superior Court*, *supra,* 18 Cal.4th at p. 10.)

Thus, a second and independent reason why Boisvert's appeal lacks merit is that the superior court correctly concluded that his action, under any construction of his pleadings, was barred by the doctrine of res judicata.

## DISPOSITION

The order appealed from is affirmed.  Respondent is awarded costs of appeal.

5

_____
STEWART, J.


We concur.


_____
RICHMAN, Acting P.J.


_____
MILLER, J.