Filed 12/8/21  O'Neal v. Stanislaus County Employees' Retirement Assn. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| MICHAEL R. O'NEAL et al.,<br><br>Plaintiffs and Appellants,<br><br>v.<br><br>STANISLAUS COUNTY EMPLOYEES'<br>RETIREMENT ASSOCIATION,<br><br>Defendant and Respondent;<br><br>COUNTY OF STANISLAUS,<br><br>Intervener and Respondent. | F079887<br><br>(Super. Ct. No. 648469)<br><br><br>**OPINION** |

APPEAL from a judgment of the Superior Court of Stanislaus County.  Robert F. Moody, Judge.  (Retired Judge of the Monterey Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)

Law Office of Michael A. Conger and Michael A. Conger for Plaintiffs and Appellants.

Reed Smith, Harvey L. Leiderman and Maytak Chin; Damrell, Nelson, Schrimp and Fred A. Silva for Defendant and Respondent.

Hanson Bridgett, Raymond F. Lynch, Adam W. Hofmann and Matthew J. Peck for Intervener and Respondent.

-ooOoo-

Appellants, Michael R. O'Neal (O'Neal), Rhonda Biesemeier (Biesemeier), and Dennis J. Nasrawi (Nasrawi), appeal from an award of costs following a bench trial in which the trial court entered judgment denying their claims. Appellants are members of the retirement system operated by respondent Stanislaus County Employees' Retirement Association (StanCERA). The intervener in this case, County of Stanislaus (County), is one of several employers required to fund the StanCERA retirement system.

The award of costs in this case followed the bench trial subject to the pending appeal in case No. F079201. A fuller view of the underlying facts can be found in our opinion in that matter, which affirms the judgment below. In this appeal, appellants contend the trial court incorrectly calculated the costs that could be properly awarded to StanCERA and County.

First, appellants argue the trial court wrongly awarded costs arising prior to a reversed grant of summary judgment subject to a prior appeal. Appellants argue principles of res judicata should have bound the trial court to follow a prior costs award that had not been appealed. In addition, appellants contend certain costs were impermissibly awarded even if the prior order is not binding. Second, appellants contest certain costs awarded to StanCERA, claiming they are either specifically excluded by statute or their award constitutes an abuse of discretion. Third, appellants raise similar arguments to certain costs awarded to County. Ultimately, we agree with appellants that some of the presummary judgment costs and some of the postsummary judgment costs awarded to County were improper and thus order the cost awards reduced as discussed below.

2.

## FACTUAL AND PROCEDURAL BACKGROUND

For context, we begin with a general factual outline. However, we will include more specific facts as necessary when discussing each challenged cost. Shortly after judgment was entered in the underlying case, both StanCERA and County filed memoranda of costs. Appellants responded by filing a motion to tax costs, challenging several aspects of each party's requests.

In a position applicable to both StanCERA and County, appellants argued the trial court wrongly awarded costs that had been previously taxed. More specifically, the trial court had previously granted summary judgment to StanCERA and County. Following that judgment, it awarded costs, but struck several requests based on appellants' motion to tax. Neither side appealed the costs award, but the summary judgment ruling was appealed and reversed by this court. During the present motion to tax costs, appellants argued that the trial court had correctly taxed certain costs in its prior ruling and because that ruling had not been appealed it was now binding on the court with respect to this costs motion.

With respect to costs arising after the summary judgment appeal. Appellants challenged StanCERA's request for certain exhibit costs and messenger fees. Appellants also challenged County's request for certain deposition costs, service of process costs, transcript costs, court reporter fees, exhibit costs, and "[o]ther" costs (boldface omitted).

The trial court rejected all appellants' arguments and awarded StanCERA and County the full amount of costs requested. This appeal timely followed.

## DISCUSSION

As noted, appellants' claims split into three main groupings. First, costs previously taxed after summary judgment but then awarded posttrial. Second, postsummary judgment costs awarded to StanCERA. And third, postsummary judgment costs awarded to County. We consider each in turn, discussing the specific costs challenged as we proceed through appellants' challenges.

3.

## Standard of Review

We generally review a trial court's decision to tax or strike costs for an abuse of discretion. However, "because the right to costs is governed strictly by statute [citation] a court has no discretion to award costs not statutorily authorized." (*Ladas v. California State Auto. Assn.* (1993) 19 Cal.App.4th 761, 774 (*Ladas*).) To the extent the court's authority turns upon interpreting the authorizing statutes, such interpretation is a question of law reviewed de novo. (See *Vidrio v. Hernandez* (2009) 172 Cal.App.4th 1443, 1452.)

## Summary Judgment Costs Awarded Posttrial

As noted above, appellants argue the trial court erred by awarding costs posttrial that it had previously denied postsummary judgment. In the course of this argument, appellants contend not only that this reversal is improper but also that the contested costs had been appropriately rejected in the previous proceedings. Appellants contend that principles of res judicata bars StanCERA and County from seeking fees that were previously denied. Appellants further suggest they should be permitted to challenge all presummary judgment costs awarded if their res judicata argument is rejected.

StanCERA and County respond by arguing res judicata principles cannot apply in this situation for two reasons. First, because the 2015 costs order was not a final judgment due to the fact StanCERA and County were not prevailing parties following the appeal. Second, because there is no secondary litigation between the parties. StanCERA and County then argue that appellants have forfeited all arguments against awarding costs predating the prior appeal because they only argued res judicata principles in the trial court.

We agree with StanCERA and County that res judicata does not apply in this instance. As StanCERA and County note, all proceedings in this instance fall within a single case, precluding any application of res judicata or law of the case principles. (*Lennane v. Franchise Tax Bd.* (1996) 51 Cal.App.4th 1180, 1185-1186.) Further, when this court reversed the grant of summary judgment, it placed the case in a posture as if no

4.

judgment had been entered at all. (See *Barnes v. Litton Systems, Inc.* (1994) 28 Cal.App.4th 681, 683-684 [citing cases in agreement].) At this point, the court lacked any statutory authority to hear an appeal on the costs award. (See *id.* at pp. 682-683 [right to appeal is statutory and no provision specifically permits appeals of cost orders]; Code Civ. Proc.,[1] § 904.1, subd. (a)(2) [permitting appeals from order made after judgments].) The failure to appeal a nonappealable order is no basis to apply res judicata principles.

We do not agree, however, that the appropriateness of awarding costs that were previously denied has been forfeited by appellants in this case. Although no challenges were raised to previously awarded costs from the 2015 costs order, the record shows that appellants believed previously denied costs could not be appropriately awarded and sought judicial notice of the briefing and order showing why previously taxed costs were not originally proper. Both StanCERA and County then provided responsive argument on why those costs could be awarded under the statutory scheme. Based on this exchange, we conclude appellants properly preserved claims that previously disallowed costs should not be awarded either because they were statutorily improper or because they were previously denied. We see no basis to conclude, however, that appellants properly preserved any dispute over previously awarded costs and find those claims forfeited.

We thus turn to whether the court could award the contested costs that had been taxed previously. We note at the outset that StanCERA and County have not provided any argument on why these challenged costs could be awarded under the statutory scheme. Nor do we find any basis in our own review. The costs taxed in 2015 but awarded in 2019 were: (1) $1,900.20 in summary judgment exhibit costs awarded to StanCERA; (2) $2,512.05 in costs awarded after appellants won a prior appeal awarded

---

[1] Subsequent statutory references are to the Code of Civil Procedure.

5.

to StanCERA; (3) $275.20 in summary judgment exhibit costs awarded to County; and (4) $33 in deposition costs for a person who was not deposed in the case awarded to County.

We agree with appellant that summary judgment exhibit costs are not permitted under section 1033.5, subdivision (a)(13) because there is no trier of fact for which such exhibits can be helpful on summary judgment. We further find no statutory basis for effectively reversing an appellate court's award of costs on appeal through subsequent posttrial cost proceedings or for awarding deposition costs for one not deposed in the litigation. With respect to the second and fourth noted cost awards, we find no reasonable jurist could award such costs under the facts of this case. We further find no persuasive authority for an award of summary judgment exhibit costs in the context presented here and thus conclude the trial court abused its discretion in awarding the first and third noted costs.

We therefore reduce the award of costs to StanCERA by $4,412.25 and the award of costs to County by $308.20.

### *Postappeal Costs Awarded to StanCERA*

Appellants challenge two costs awarded to StanCERA. In the first, StanCERA requested and was awarded costs in the amount of $1,726.50 for trial exhibits. In the second, StanCERA requested and was awarded costs in the amount of $1,219.90 for messenger fees incurred in 2017 and 2018.[2] We find no error.

*Trial Exhibits*

With respect to trial exhibits, appellants recognize that costs for exhibits actually used at trial are permitted under section 1033.5, subdivision (a)(13). However, appellants contend this provision would only permit an award for one copy in the context of this

---

[2] StanCERA requested a total of $4,004.38 in messenger fees, with the remaining costs arising on or before the summary judgment ruling.

6.

case "because the trier of fact only required, or used, one copy." Appellants argue any additional copies constitute photocopy charges that are specifically excluded under section 1033.5, subdivision (b)(3). StanCERA responds by arguing exhibits are properly covered by section 1033.5, subdivision (a)(13) and copies of unused exhibits are discretionary under section 1033.5, subdivision (c)(4). StanCERA notes that subdivision (b)(3) of section 1033.5 specifically excludes exhibits from the photocopy exemption and points out that the number of copies corresponded with providing one for the clerk, judge, witness, and both relevant counsel.

We agree with StanCERA. Copies of exhibits utilized at trial are costs falling well within the trial court's discretion under section 1033.5, subdivision (a)(13). While appellants argue these particular copies were not reasonably necessary to the litigation, the trial court concluded otherwise in awarding the costs. We see no abuse of discretion in awarding costs on a reasonable number of copies for trial exhibits. (See *Nelson v. Anderson* (1999) 72 Cal.App.4th 111, 133 [noting the burden of proof "is not an issue in this instance, since, having presided over the trial, the trial court had all the evidence needed to determine whether the items claimed were reasonably helpful to the trier of fact, and was in the best position to make the determination"].)

*Messenger Fees*

With respect to messenger fees, although appellants analogize them to disallowed costs such as overnight delivery charges and fax costs, appellants concede the award of such costs is within the trial court's discretion. Appellants argue, however, that although discretionary, these costs were neither reasonable nor necessary because StanCERA was represented by local counsel who could have completed the relevant filings without the need for a messenger. StanCERA contends such fees are proper under section 1033.5, subdivision (c)(4)'s discretionary authority and cites to *Ladas*, *supra*, 19 Cal.App.4th at page 776, where messenger fees were properly awarded. StanCERA further argues the fees were reasonably necessary because it would be improper to burden local counsel,

7.

who neither drafted nor argued any motions, with filing major documents in the case drafted by outside counsel.

Again, we agree with StanCERA. The trial court presumedly reviewed the requested costs and found them reasonable. We see no abuse of discretion in that conclusion. While it may have been possible to utilize local counsel for filings, it is not unreasonable for outside counsel to handle the full spectrum of required filings when they are the ones drafting and arguing the motions.

## *Postappeal Costs Awarded to County*

Appellants challenge six groupings of costs awarded to County, covering eight specific awards. First are "Other" costs totaling $6,831.11, which include messenger fees of $4,927.42, "telephonic court appearances" of $366, and $1,537.69 for "UPS Shipping." (Some capitalization omitted.) Second are deposition costs arising after 2014, totaling $3,429.01. Third are costs totaling $2,740.08 for what appellants call unused trial exhibits. Fourth are $1,985.10 in costs for court reporter fees. Fifth are $415.20 in costs for "court-ordered transcripts." (Capitalization omitted.) Sixth are $160 in service of process costs. We consider each in turn.

### *Other Costs*

In the context of the "Other" costs, appellants argue, and County concedes that the "UPS Shipping" charges should be excluded under section 1033.5, subdivision (b)(3). (Some capitalization omitted.) We agree with this concession, which reduces the costs awarded by $1,537.69.

On the telephonic charges, appellants argue that these are statutorily excluded under section 1033.5, subdivision (b)(3). County agrees that telephone charges are improper but argues these are CourtCall costs, which are within the court's discretion to award. Appellants reply that County's claim was not proven in the trial court and thus cannot stand here. We do not agree with appellants. Appellants' argument turns on the premise that the trial court had to consider these costs as telephone charges. However,

8.

the submission shows they were charges for "Telephonic Court Appearance Fees." The trial court would know whether or not the dates included with those charges corresponded to events where CourtCall was used and thus could distinguish between alleged telephone costs and CourtCall fees. We see no abuse of discretion in awarding the requested costs in this instance.

On the messenger fees, appellants raise similar arguments to those contesting StanCERA's messenger fees, contending County could have used its county counsel to complete its filings without incurring these costs. As with StanCERA's similar costs, we find no general abuse of discretion on the trial court's part. Appellants also argue, however, that the costs requested totaled only $4,425.17 and included $60.75 in costs related to proceedings before the California Supreme Court. County provides no response. Upon review, we agree that the total was miscalculated, although the court finds the total to be $4,395.17. And, consistent with our conclusion that the trial court erred in awarding costs from prior appeals, above, we also agree that the $60.75 award constitutes an abuse of discretion. We thus reduce the costs awarded by $593.

*Deposition Costs*

Turning to deposition costs awarded after 2014, appellants accept that such costs are proper but contend these costs were unreasonable because StanCERA and County should have shared the costs of depositions. We do not agree. The court's discretion to determine reasonableness is broad and, while it would be more cost effective to share deposition costs, appellants identify no compelling reason why they must be shared. Accordingly, although this court may have viewed the issue differently in the first instance, appellants have not demonstrated an abuse of discretion by the trial court.

*Exhibit Costs*

Looking next at exhibit costs, appellants raise two issues, contending first that costs related to exhibits not used at trial are not recoverable and, second, that County, like StanCERA, should be awarded costs for only one copy of each trial exhibit admitted. We

9.

previously discussed the use of five copies of exhibits in the context of StanCERA's costs, finding no abuse of discretion in the trial court's award.  We see no difference in County's costs.  Considering unused trial exhibits, the propriety of awarding such costs is currently pending before the California Supreme Court.  (See *Segal v. ASICS America Corporation* (2020) 50 Cal.App.5th 659, 665-667, review granted Sept. 30, 2020, S263569.)  This court has no published opinion on this point but has previously cited cases affirming that such costs can be awarded.

Upon review, we agree with the analysis in *Segal* and conclude that costs for trial exhibits not ultimately used at trial may be awarded in the trial court's discretion.  (*Segal v. ASICS America Corporation*, *supra*, 50 Cal.App.5th at p. 666, review granted.)  We note, however, that this conclusion is limited to trial exhibits that are not ultimately used at trial and does not reach to other types of exhibits.  We further find no abuse of discretion on the trial court's part in awarding costs in this case.  Although appellants argue that County overdesignated exhibits, the trial court was in the best position to consider this argument and concluded such costs were reasonable.  On the record here, we cannot conclude its decision was beyond the bounds of reason.

*Court Reporter Fees*

Considering court reporter fees, appellants take issue with the amount claimed and the fact that amount was double counted between StanCERA and County, while the record only shows StanCERA being billed.  County recognizes that StanCERA was also awarded the full amount of costs that should have been split between StanCERA and County and "concedes that it and StanCERA are not *both* entitled to recover the full" costs.  Upon review, and based on County's concession, we agree these costs were incorrectly awarded.  The trial court abused its discretion by awarding the same costs twice.  We thus reduce the costs awarded County by $1,985.10.

*Court-ordered Transcripts*

The next cost dispute is over "court-ordered transcripts." (Capitalization omitted.) Under section 1033.5, subdivision (a)(9) costs for transcripts ordered by the court are recoverable, but under section 1033.5, subdivision (b)(5) costs for transcripts not ordered by the court are not recoverable. Appellants contend the trial court never ordered transcripts and, thus, these costs are not recoverable. County responds that appellant has not proven this negative and states the trial court would not have awarded the costs if they had not been ordered. We agree with appellants. There is no question that costs for transcripts not ordered by the trial court are not recoverable. The burden was thus on County to demonstrate the request was statutorily proper. (*Ladas*, *supra*, 19 Cal.App.4th at p. 774 ["If the items appearing in a cost bill appear to be proper charges, the burden is on the party seeking to tax costs to show that they were not reasonable or necessary. On the other hand, if the items are properly objected to, they are put in issue and the burden of proof is on the party claiming them as costs."].) Yet the record contains no evidence or argument that the trial court ordered these transcripts. As such, the trial court abused its discretion in awarding costs for transcripts it did not order. We thus reduce the costs awarded County by $415.20.

*Service of Process Costs*

Finally, we consider the service of process cost of $160. Appellants argue this cost was unnecessary because there was an agreement to serve documents by e-mail. County responds that the cost is statutorily authorized and the trial court impliedly found it reasonable given County was serving its expert disclosures on the statutory deadline. Although a close call, we agree that County's basis for utilizing service of process and seeking the associated costs is sufficient to permit the trial court to exercise its discretion and award the costs. The costs awarded were within the trial court's discretion and we find no basis to conclude an abuse of discretion occurred.

11.

*Summary*

In summary, the trial court abused its discretion in awarding $4,530.99 in postappeal costs to County. The trial court further abused its discretion in awarding costs that were previously taxed after summary judgment, including $4,412.25 awarded to StanCERA and $308.20 awarded to County. Accordingly, the cost award to StanCERA shall be reduced by $4,412.25 and the cost award to County shall be reduced by $4,839.19.

## DISPOSITION

The orders awarding costs to Stanislaus County Employees' Retirement Association and County of Stanislaus are reversed. The matter is remanded to enter a new cost award, reducing StanCERA's awarded costs by $4,412.25 and County's awarded costs by $4,839.19. The parties shall bear their own costs on appeal.


DETJEN, J.

WE CONCUR:


POOCHIGIAN, Acting P. J.


MEEHAN, J.


12.