Filed 8/26/16  DeGutz v. Boisvert CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| DONALD DEGUTZ et al.,<br><br>    Plaintiffs and Respondents,<br><br>v.<br><br>RENE G. BOISVERT,<br><br>    Defendant and Appellant. | A141166<br><br>(Alameda County Super. Ct.<br>  No. RG08372963) |

The Alameda County Superior Court issued an order granting a motion by Lars Lohan, a judgment creditor, for relief under the Enforcement of Judgments Law (title 9 of part 2 of the Code of Civil Procedure).  Defendant Rene G. Boisvert moved for reconsideration of multiple rulings, including the court's order granting Lohan's motion. The court granted that part of Boisvert's motion, considered his additional arguments and affirmed its prior order granting Lohan's relief motion.

Boisvert, appearing in propria persona, appeals from this ruling.  Among other things, he argues the court should not have allowed Lohan to supplement his relief motion with evidentiary material after the court's hearing on Lohan's motion and should not have considered that material.  Lohan, also appearing in propria persona, responds that we should dismiss Boisvert's appeal as untimely and that in any event it lacks merit. We conclude Boisvert's appeal from the subject order was timely, find no error and affirm the court's order.

1

## BACKGROUND

We extensively recounted the events of the underlying lawsuit in our previous unpublished opinion, *De Gutz v. Boisvert*, Case No. A126839, issued on January 28, 2013. We will not repeat them at great length here. In 2008, plaintiff Donald De Gutz sued Boisvert and related entities in a dispute over a real estate transaction. After a bench trial, the court issued a judgment in favor of De Gutz on his breach of contract, breach of fiduciary duty and fraud claims, and awarded him $161,732.56. Boisvert appealed to this court. We affirmed the judgment and issued a remittitur in April 2013.

In 2011, De Gutz assigned his interest in the judgment to Lohan. In September 2012, the superior court granted Lohan's motion for a charging order[1] regarding Boisvert's distributive interest in two limited liability companies, including 800 Center, LLC.

At different times in 2013, the court denied two ex parte applications by Boisvert for protective orders to quash Lohan's subpoenas for examinations related to his efforts to collect the judgment. In the second application, Boisvert argued among other things that De Gutz's assignment of the judgment to Lohan was invalid.

In June 2013, the superior court granted Lohan's application for an order compelling Boisvert to appear for examination on behalf of 800 Center, LLC. In September 2013, after examining Boisvert, Lohan filed a motion seeking relief under the Enforcement of Judgments Law. Lohan contended Boisvert now owed $283,378.10[2] on the judgment and, as the sole member of 800 Center, LLC, had triggered a distribution to himself that was subject to the charging order by filing a certificate of dissolution with

---

[1] Lohan's motion for a charging order is not in the record before us. Generally, "[i]f a money judgment is rendered against a partner or member but not against the partnership or limited liability company, the judgment debtor's interest in the partnership or limited liability company may be applied toward the satisfaction of the judgment by an order charging the judgment debtor's interest pursuant to Section 15907.3, 16504, or 17705.03 of the Corporations Code." (Code Civ. Proc., § 708.310.)

[2] In a later, June 4, 2014 writ of execution, Lohan stated this amount had grown to $300,514.37.

2

the California Secretary of State. Lohan asked the court to assign to him certain 800 Center, LLC assets—a $240,000 Deed of Trust and underlying security in certain real property in Oakland, California—to the extent necessary to satisfy the judgment. Lohan included certain documents in his motion papers for the court's consideration.

A week before the scheduled October 24, 2013 hearing on Lohan's relief motion, Boisvert filed an opposition in which he argued the court should not consider the documents Lohan had submitted because they were not accompanied by an authenticating declaration or request for judicial notice. Then, after Lohan filed his reply, Boisvert on the day of the hearing filed a "Declaration # 2 to—Response to Judgment Creditor's Motion for Relief Under Enforcement of Judgments Law" (Declaration # 2). Boisvert also submitted certain documents for the court's consideration.

The court's minutes of the hearing on Lohan's relief motion (the record does not contain a reporter's transcript) indicate the court instructed Lohan to provide it with "the appropriate notice or authentication for this filing, file a Response to the documents that Rene Boisvert provided to counsel and the court this date and submit a Proposed Order for this motion, on or before 11/01/2013." The court also took the motion under submission.

On October 30, 2013, Lohan filed a declaration swearing to the authenticity of various documents based on personal knowledge, a request for judicial notice of certain documents, and a proposed order. Lohan also filed a surreply to Boisvert's Declaration # 2 and objections to Boisvert's proffered documents.

On November 4, 2013, before the court entered its order on Lohan's relief motion, Boisvert filed a "Motion for Reconsideration—Memorandum Facts & Law, Declaration" (reconsideration motion). He argued the court should not have allowed Lohan to supplement his relief motion post-hearing with evidentiary material for a number of reasons. Boisvert also sought reconsideration of the court's denial of a prior motion because, Boisvert argued, De Gutz's assignment of the judgment to Lohan was improper.

On November 5, 2013, the court entered an order granting Lohan's relief motion in five numbered paragraphs. It also granted Lohan's post-hearing request for judicial

3

notice and entered into evidence documents Lohan authenticated in his post-hearing declaration. It sustained one of Lohan's evidentiary objections to Boisvert's Declaration # 2 and ruled Lohan's remaining objections were moot. The court found: "Based on the evidence presented, including statements made by Boisvert in open court and during an order of examination, which included apparently false statements that he had no knowledge of the functioning of 800 Center, LLC and that he had no documents of 800 Center, LLC, as well as multiple statements that 800 Center, LLC, had been dissolved, when that evidently was not the case, it appears that 800 Center, LLC's interest in the Deed of Trust and the Memorandum of Option [to certain real property] became a distributive interest to Boisvert as of the dissolution of 800 Center, LLC, subject to Lohan's charging order lien, effective July 31, 2012. To the extent that a determination of the rights and interests of 800 Center, LLC and Boisvert in [the real property] are difficult to ascertain, it is because Boisvert has ordered the affairs at issue and presented them in a manner intentionally intended to be opaque and difficult to determine."

On January 21, 2014, the superior court filed a corrected and amended order granting Lohan's relief motion. This order contained the court's five original paragraphs and an additional five paragraphs. In these additional paragraphs, the court ordered, among other things, that Boisvert's recent conveyance under the subject deed of trust was subordinate to Lohan's motion; that all beneficial interest and right to payments arising out of the assets Lohan sought were assigned to him to the extent necessary to satisfy the judgment; and that Boisvert was to pay $1,362.35 for Lohan's costs in connection with Boisvert's examination.

On January 23, 2014, the superior court filed an order which in relevant part granted Boisvert's reconsideration motion and affirmed its prior order granting Lohan's relief motion (January 23, 2014 order).[3] The court stated: "Based on the new facts and

---

[3] The court construed part of Boisvert's reconsideration motion as regarding the court's previous denial of his second ex parte application to block Lohan's subpoenas for examinations, and denied this part of Boisvert's motion.

4

circumstances of evidence presented by authenticated declaration and request for judicial notice for first time after the hearing, the court GRANTS the motion for reconsideration and will reconsider its November 5, 2013 order based on the objections to Lohan's declaration and request for judicial notice that are stated in Boisvert's noticed motion for reconsideration. The court has considered each of the objections and having considered them, the court affirms its November 5, 2013 order. [¶] In reviewing this motion, and in response to Mr. Lohan's statement that a proper order had not been issued, the court noted that its drafted order was truncated when placed on-line and served on the parties. A corrected order that is the complete order the court drafted and intended to enter on November 5, 2013 has been entered on January 21, 2014 . . . ."

On February 27, 2014, Boisvert filed a notice of appeal from the court's January 23, 2014 order and three other superior court orders. During the pendency of this appeal, we granted Lohan's motion to dismiss Boisvert's appeal regarding these three other orders, but denied it as to the court's January 23, 2014 order. We have no reason to discuss these three other orders further.

## DISCUSSION

### I.

### *General Guidelines Regarding the Parties' Arguments*

Before we review Boisvert's and Lohan's arguments, we note that both parties appear before this court in propria persona. As we pointed out in our previous opinion, "[w]hen a litigant is appearing in propria persona, he is entitled to the same, but no greater, consideration than other litigants and attorneys [citations]. Further, the in propria persona litigant is held to the same restrictive rules of procedure as an attorney [citation]." (*Nelson v. Gaunt* (1981) 125 Cal.App.3d 623, 638–639, followed in *County of Orange v. Smith* (2005) 132 Cal.App.4th 1434, 1444.)

Accordingly, in our review we follow certain guidelines regarding the parties' factual and legal assertions. Regarding factual assertions, we disregard any that are not supported by a citation to the record. " ' "It is the duty of a party to support the arguments in its briefs by appropriate reference to the record, which includes providing

5

exact page citations." ' " (*Grant-Burton v. Covenant Care, Inc.* (2002) 99 Cal.App.4th 1361, 1379.) Upon the party's failure to do so, "the appellate court need not consider or may disregard the matter." (*Regents of University of California v. Sheily* (2004) 122 Cal.App.4th 824, 826, fn. 1 (*Regents*); *In re S.C.* (2006) 138 Cal.App.4th 396, 406–407.)

Further, we disregard factual assertions based on information that is not in the record before us. "A reviewing court must accept and is bound by the record before it [citations], cannot properly consider matters not in the record [citations], and will disregard statements of alleged facts in the briefs on appeal which are not contained in the record." (*Weller v. Chavarria* (1965) 233 Cal.App.2d 234, 246, cited in *In re Stone* (1982) 130 Cal.App.3d 922, 930, fn. 9 [determining that a transcript that was not offered in evidence before the trial court was "clearly outside the scope of our review"].)

Regarding legal assertions, we treat as waived arguments that are not supported by citation to supporting authorities. " '[E]very brief should contain a legal argument with citation of authorities on the points made. If none is furnished on a particular point, the court may treat it as waived, and pass it without consideration.' " (*People v. Stanley* (1995) 10 Cal.4th 764, 793 (*Stanley*).)

Also, we will not consider legal arguments based solely on conclusory citations. "An appellate court is not required to consider alleged errors where the appellant merely complains of them without pertinent argument" (*Strutt v. Ontario Sav. & Loan Assn.* (1972) 28 Cal.App.3d 866, 873 (*Strutt*)), including when "the relevance of the cited authority is not discussed or points are argued in conclusionary form." (*Kim v. Sumitomo Bank* (1993) 17 Cal.App.4th 974, 979 (*Kim*).)

Finally, an " 'order of the lower court is *presumed correct.* All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.' " (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) Appellant has the burden of affirmatively showing any error. (*Lennane v. Franchise Tax Bd.* (1996) 51 Cal.App.4th 1180, 1189.)

6

## II.

### *Lohan's Dismissal Argument*

We first address Lohan's argument that we should dismiss Boisvert's appeal from the January 23, 2014 order as "demonstrably untimely" based on California Rules of Court, Rule 8.108(e). We disagree.

California Rules of Court, Rule 8.108(e) provides that when a party files a valid motion for reconsideration of an appealable order, the time to appeal is extended until the earliest of: (1) 30 days after court or party service of an order *denying* the motion or notice of entry of that order; (2) 90 days after the first motion to reconsider is filed; or (3) 180 days after the entry of an appealable order.

According to Lohan, we should construe the part of the January 23, 2014 order Boisvert challenges on appeal as a denial of Boisvert's reconsideration motion, even though the court characterized it as a "grant." As a denial, Lohan continues, Boisvert's appeal is untimely under Rule 8.108(e) because he filed his notice more than 30 days after the court's service of the order and more than 90 days after Boisvert filed his reconsideration motion on November 4, 2013.

Lohan's analysis is incorrect in light of the actual nature of that part of the court's January 23, 2014 order appealed from. This order granted Boisvert's reconsideration motion. The court, upon doing so, proceeded to revisit Lohan's relief motion with Boisvert's objections to Lohan's post-hearing evidentiary material and request for judicial notice in mind. Upon doing so, the court affirmed its grant of Lohan's relief motion. Thus, the court's January 23, 2014 order was an "order made after a judgment" that is appealable pursuant to Code of Civil Procedure section 904.1, subdivision (a)(2). Therefore, Boisvert had 60 days to appeal from the court's service of the order on January 24, 2014, pursuant to California Rules of Court, Rule 8.104(a) and (e). His February 27, 2014 notice of appeal was well within this time period.

## III.

### *Boisvert's Appellate Claims*

In scattershot fashion, Boisvert argues a number of vague and legally unsupported grounds for reversal of the court's January 23, 2014 order. Although his arguments are not clear, it appears that at their center is his contention that the superior court, in ruling on Lohan's relief motion, should not have allowed Lohan to submit evidentiary material after the hearing on that motion and should not have considered this material. None of Boisvert's arguments is persuasive.

First, Boisvert argues that "[t]he Court did not give [Boisvert] any opportunity to respond." He contends this is "contrary to any Court rule and violates fundamental 'Due Process' rights recognized by the Courts." He cites *San Diego Watercrafts, Inc. v. Wells Fargo Bank* (2002) 102 Cal.App.4th 308, 315 for the rule that a court generally will not consider declarations and other evidence first offered with reply papers because the opposing party did not have notice of them when preparing its opposition. Boisvert also argues that Lohan, without authority from the superior court, "filed in essence a request for judicial notice" in his objections to Boisvert's Declaration # 2 without properly noticing it, and that it was not "properly related to" Boisvert's declaration.

Boisvert does not cite to any pertinent legal authority for his arguments. *San Diego Watercrafts* involves an appeal from a summary judgment motion, which is subject to certain procedural rules that do not apply here. (See Code Civ. Proc., § 437c.) Furthermore, Boisvert fails to explain why his concerns that he did not have an opportunity to challenge Lohan's submissions were not satisfied by the court's grant of his motion for reconsideration and consideration of his challenges. In short, Boisvert fails to provide any relevant legal authority for why the court, after considering his objections, should not have considered Lohan's submissions in ruling again on Lohan's relief motion. Therefore, we do not consider these arguments further. (*Stanley*, *supra*, 10 Cal.4th at p. 793; *Strutt*, *supra*, 28 Cal.App.3d at p. 873.)

Next, Boisvert contends that Lohan's post-hearing declaration "does not satisfy the basic evidentiary requirements missing in the original motion." Boisvert contends

8

Lohan failed to lay a proper foundation for the documents, implying that he did not have sufficient personal knowledge to authenticate them and that these documents consisted of unspecified "inadmissible hearsay." This too is unpersuasive. Lohan expressly began his declaration by stating that he was relying on his own personal knowledge for his statements: "I have personal knowledge of the facts stated herein such that I could and would competently testify thereto if called as a witness to do so." He proceeded to identify how he obtained various documents in a manner that demonstrated personal knowledge. Boisvert does not otherwise offer an explanation for why Lohan's declaration was defective. Therefore, we do not consider this argument further. (*Stanley*, *supra*, 10 Cal.4th at p. 793; *Strutt*, *supra*, 28 Cal.App.3d at p. 873; *Kim*, *supra*, 17 Cal.App.4th at p. 979.)

Boisvert also argues that Lohan's post-hearing declaration lacked relevance "to the matter at hand. The Court is asked to make a quantum leap to arrive at the facts alleged in the motion, i.e., that there is a valid mortgage, note, etc. Lohan apparently does not realize that the documents are not evidence which would support his contentions." Boisvert suggests, without identifying anything specific, that Lohan's declaration contained inadmissible opinions or conclusions rather than evidentiary facts. While he cites two cases in support of his argument, he does not explain their significance, and does not cite at all to the record. Once more, Boisvert's argument is too conclusory to merit further review. (*Stanley*, *supra*, 10 Cal.4th at p. 793; *Strutt*, *supra*, 28 Cal.App.3d at p. 873; *Kim*, *supra*, 17 Cal.App.4th at p. 979; *Regents*, *supra*, 122 Cal.App.4th at p. 826, fn. 1.)

Next, Boisvert argues that "there is a problem if the Court was to take judicial notice of any of the documents which Lohan supplied to the Court" because the court could only rely on matters that are the subject of judicial notice. Citing *Bach v. McNelis* (1989) 207 Cal.App.3d 852, 865, Boisvert asserts that the court cannot take notice of the truth of facts asserted in documents in a court file unless they are orders, findings of fact, conclusion of law, and judgments. However, Boisvert does not identify any documents, or statements in any documents, that were erroneously considered by the superior court,

9

or explain why his legal citation compels reversal here.  Once more, we do not further consider his argument because of its conclusory and unsupported nature.  (*Stanley*, *supra*, 10 Cal.4th at p. 793; *Strutt*, *supra*, 28 Cal.App.3d at p. 873; *Kim*, *supra*, 17 Cal.App.4th at p. 979; *Regents*, *supra*, 122 Cal.App.4th at p. 826, fn. 1.)

Finally, Boisvert asserts, "on what basis the court apparently allowed the modification of the motion, after the hearing to seek judicial notice defies logic and hopefully the law."  This too is a vague, conclusory argument that is unsupported by any citations to the record or to legal authority, and does not merit further consideration.  (*Stanley*, *supra*, 10 Cal.4th at p. 793; *Strutt*, *supra*, 28 Cal.App.3d at p. 873; *Kim*, *supra*, 17 Cal.App.4th at p. 979; *Regents*, *supra*, 122 Cal.App.4th at p. 826, fn. 1.)

## DISPOSITION

The court's order appealed from is affirmed.  Boisvert is ordered to pay Lohan's costs of appeal.

STEWART, J.

We concur.

RICHMAN, Acting P.J.

MILLER, J.

10